## EBENEZER COGSWELL *versus* EBENEZER BROWN.

The Court will not grant a new trial where substantial justice has been done by the verdict, nor where the party has a *right* to review, unless he will relinquish such right.

ASSUMPSIT for use and occupation. General issue pleaded, and a verdict for the plaintiff at October term, 1803. Motion for a new trial, assigning, for reasons, that the plaintiff having, before the commencement of the present action, brought an action against the defendant, and recovered the land, for the use and occupation of which the present action was brought, the present was not the proper action, but that the plaintiff ought to have brought an action of trespass for the *mesne* profits; and 1 *T. Rep* 378, *Birch* vs *Wright*, and 1 *Esp. Dig.* 20, 21, were cited.

*Per Cur.* It does not appear that the objection was made at the trial, nor that the verdict was taken subject to the opinion of the Court; and *substantial* justice being done, the Court will not turn the party round upon a formal objection. Besides, the defendant has a right to review; in which case the Court never grant a new trial, unless the party moving for it relinquish that right. (1)

*New trial refused.*

*T. Bigelow* for the plaintiff.
*S. Dana* for the defendant.

(1) In *Wilkinson* vs. *Payne*, 4 *T. Rep.* 468, the Court of King's Bench refused a new trial in a case where the jury had found a verdict in conformity to the substantial justice of the case, but upon a presumption contrary to the evidence.